**Judy WESTCOTT, Individually, and Timothy Westcott, Gary Westcott and Gus Westcott, infants, by Judy Westcott, their parent and natural guardian, Plaintiffs,**

v.

**McALLISTER BROTHERS INC., Defendant.**

No. 77 CIV 4568 (LBS).

United States District Court, S. D. New York.

Dec. 29, 1978.

F. L. Wertheimer, New York City, for plaintiffs; Bernard D. Friedman, New York City, of counsel.

Healy & Baillie, New York City, for defendant; Thomas L. Rohrer, New York City, of counsel.

## OPINION

SAND, District Judge.

Plaintiff, the wife of an injured seaman, sues for loss of services, society, consortium and support, and, on behalf of the minor children, for loss of services, comfort, care, affection, training, companionship and support. Defendant has moved to dismiss the action for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) and for judgment on the pleadings pursuant to F.R.Civ.P. 12(c). The motion presents two questions: first, whether a cause of action exists under either the Jones Act or "other law" on behalf of either the wife or the minor children of an injured seaman, and second, whether under the circumstances of this case, such a cause of action would enable plaintiff to obtain a double recovery. Because we conclude that no cause of action exists, we do not reach the issue of double recovery.

### I. Factual Background

Plaintiff's husband, Benjamin Westcott, was injured in the course of his employment as a seaman on September 17, 1974. He commenced an action in this Court in September, 1975, alleging negligence under the Jones Act and unseaworthiness under the maritime law. That action was settled on May 6, 1977 before Judge Gagliardi, and Mr. Westcott signed a release "of each and every right or claim which I now have, or may hereafter have, because of any matter or thing which happened before the signing of this paper; and particularly, but not only because of any and all injuries and/or illnesses sustained on September 17, 1974 . . .". On September 13, 1977, defendant forwarded the final installment of the settlement sum to Mr. Westcott. Plaintiff commenced this action on September 15, 1977.

### II. First Cause of Action on behalf of the wife

The Jones Act, 46 U.S.C. § 688, provides in pertinent part as follows:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply."

This provision has been construed as limiting the right of action to the seaman himself and as not providing for a cause of action on behalf of his wife for consortium. See *Igneri v. Cie. de Transports Oceaniques*, 323 F.2d 257, 266 (2d Cir. 1963), *cert. denied*, 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964).

Plaintiff argues, however, that such a cause of action exists under the general maritime law. Plaintiff refers first to *Igneri, supra*; while the court held that no cause of action exists for loss of consortium on behalf of the wife of an injured longshoreman (and stated in dictum that the wife of an injured seaman also had no right of action), it did refer to the common law:

> . . . Maritime law draws on many sources; when there are no clear precedents in the law of the sea, admiralty judges often look to the law prevailing on the land . . . If the common law recognized a wife's claim for loss of consortium, uniformly or nearly so, a United States admiralty court would approach the problem here by asking itself why it should not likewise do so; if the common law denied such a claim, uniformly or nearly so, the inquiry would be whether there was sufficient reason for an admiralty court's nevertheless recognizing one . . . So we turn to the common law. *Id.* at 260–61.

Plaintiff argues that, since the common law rule has changed in the fifteen years since *Igneri* was decided, now giving to the wife of an injured person a right to recovery for loss of consortium, this Court should do likewise. Plaintiff contends that the Court of Appeals for the Second Circuit would today "be obliged to overrule *Igneri* . . . Since the common law now leans heavily toward allowing the remedy, the question must be asked why should not an admiralty court likewise do so."

Whether the Second Circuit would today overrule *Igneri*, however, is not the relevant issue for this Court. *Igneri* concerned the claim of an injured longshoreman's wife; in the absence of applicable statutory directive, the court looked to other sources of law. This Court is in a considerably different position: the Jones Act is directly applicable, and it precludes recovery for consortium. Moreover, the Court in *Igneri* did not rest its decision on the common law, although it considered it. The Court relied, rather, on the Jones Act as the proper analogy:

> If there were evidence that maritime law generally recognized a claim for negligent injury to such an intangible right, or if the common law clearly authorized a wife's recovery, the gravitational pull of such concepts with respect to the wife of a longshoreman might be stronger than that of the analogy to the statute denying such recovery to a seaman's wife. But, with neither of these conditions realized, our duty to avoid capricious differences in treatment between similarly situated persons forbids our fashioning a rule that would place the spouse of a harbor-worker in a different, and better, position than the spouse of a seaman . . . We can think of no reason why Congress, having ruled out a maritime claim against the ship for loss of consortium by the spouse of a negligently injured seaman, would wish the courts to construct one for the spouse of a negligently injured stevedore. *Id.* at 267.

In sum, we question whether the Court of Appeals for the Second Circuit would today hold that the wife of a longshoreman has a right of action in maritime law for loss of consortium;[1] whether or not it would so hold, however, that holding would not govern the case before us.

---

1. In *Giglio v. Farrell Lines*, 424 F.Supp. 927 (S.D.N.Y.1977), the district court upheld the right of a longshoreman's wife to recover for loss of consortium. The court noted the "substantial change in the common law view of a wife's recovery for loss of consortium" and the Supreme Court's decision that a widow may recover for loss of society in a nonstatutory wrongful death action, *Sea-Land Services v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). In view of these developments, the court stated that "[a] logical extension of the Supreme Court's reasoning, coupled with the 'gravitational pull' of the increasingly favorable common law attitude toward loss of consortium . . . indicates that compensation for such loss may well be an idea whose time has come." *Id.* at 930. However, since its decision rested upon "a view that the last pronouncement of the law by the Court of Appeals of this Circuit no longer has force", the court also certified the decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); the Court of Appeals declined review.

We come then to the question of whether, in the face of a statute which limits recovery to the seaman himself, this Court may fashion a remedy for the seaman's wife. In *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), the Supreme Court considered a similar claim. Under the Death on the High Seas Act (DOHSA),[2] the statutory beneficiaries (including the widow) of a person negligently killed on the high seas may bring an action for wrongful death. The Act states that "[t]he recovery . . . shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought . . .". 46 U.S.C. § 762. The Court of Appeals for the Fifth Circuit reversed the decision of the district court which held that the statute did not authorize recovery for loss of society. The Supreme Court reversed and remanded, holding that the statute limited recovery to pecuniary loss, which did not include loss of society, and that the courts were not free to provide additional remedies based on general maritime law.

We realize that, because Congress has never enacted a comprehensive maritime code, admiralty courts have often been called upon to supplement maritime statutes. The Death on the High Seas Act, however, announces Congress' considered judgment on such issues as the beneficiaries, the limitations period, contributory negligence, survival, and damages . . The Act does not address every issue of wrongful death law . . . but when it does speak directly to a question, the courts are not free to "supplement" Congress' answer so thoroughly that the Act becomes meaningless. 436 U.S. at 625, 98 S.Ct. at 2015, 56 L.Ed.2d at 587.

Bearing in mind the Court's admonition with respect to the creation of "supplementary" remedies in the context of the statutory remedy of DOHSA, we must inquire as to whether there is any reason for a different rule where the action is brought by the wife of an injured seaman under the Jones Act, rather than a widow under DOHSA. We fail to see a basis for a different result.

It is true that, as the law now stands, the widow of a seaman killed within territorial waters may recover for loss of society, services and support[3] as an element of the wrongful death action created by the Supreme Court in *Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). And it is possible that the wife of an injured longshoreman will in the future be able to recover for loss of consortium under general maritime law. *See Giglio v. Farrell Lines, Inc.*, 424 F.Supp. 927 (S.D.N.Y.1977); *Pesce v. Summa Corp.*, 54 Cal.App.3d 86, 126 Cal.Rptr. 451 (1975). Faced with a claim similar to this one, however, the Court of Appeals for the Fifth Circuit has held that no cause of action for loss of consortium exists under either the Jones Act or the general maritime law on behalf of the wife of an injured seaman. *Christofferson v. Halliburton Co.*, 534 F.2d 1147 (5th Cir. 1976).

Plaintiff cites as support for her position *Hubschman v. Antilles Airboats, Inc.*, 440 F.Supp. 828 (D.V.I.1977), in which the court upheld a cause of action for loss of consortium on behalf of the wife of an injured person. But *Hubschman* was brought under the general maritime law; the court also held that plaintiff's husband was not a seaman and that the Jones Act therefore did not apply to his own cause of action for negligence. *Hubschman* lends support to the recent pronouncement by the Supreme Court that a considerable difference exists between actions brought under general maritime law and those brought for "supplemental" remedies in the face of a contrary statutory directive. Significantly,

---

**2.** 46 U.S.C. § 761 *et seq.*

**3.** The Court noted in *Gaudet* that, in the event that the decedent died after recovering for his own personal injuries—as occurred in that case—any subsequent recovery by the benefici-

aries could not include amounts already paid to the decedent for loss of future wages; a contrary rule would create the possibility of a double recovery, at least to the extent that the beneficiaries shared in decedent's future wages.

*Hubschman* cited *Gaudet* and *Giglio* as authorities supporting the maintenance of the wife's cause of action. *Id.* at 858–59.

We conclude that, while it is "the humanitarian policy of the maritime law to show 'special solicitude' for those who are injured within its jurisdiction", *Sea-Land Services, Inc. v. Gaudet, supra,* 414 U.S. at 588, 94 S.Ct. at 816, this Court is precluded by the established construction of the Jones Act from upholding the cause of action claimed by Mrs. Westcott. Defendant's motion to dismiss is granted.

*III. Second cause of action on behalf of the minor children*

Just as the Jones Act provides no cause of action with respect to the wife's loss of consortium, it also fails to provide for the recovery by a seaman's children for loss of support, society, affection, and companionship. Plaintiff has cited no authority for the existence of such a cause of action under general principles of either land-based common law or general maritime law, and we also have found none. *See* Prosser, *Law of Torts* (4th Ed. 1971) at 896–97. Moreover, in light of our discussion *supra* of the limitations imposed on us where a statute addresses the issue, we are similarly constrained to hold that no such cause of action may be created under general maritime law where it is not granted by such a statute. Just as the wife may not recovery where the Jones Act limits recovery to the seaman himself, so their minor children also may not recover. Defendant's motion to dismiss as to the second cause of action is also granted.

SO ORDERED.